IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BRITTINGHAM,

    Plaintiff,                         No. CIV S-04-0037 LKK DAD P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                  <u>ORDER</u>

/

        By order filed November 30, 2005, plaintiff was granted thirty days to file and serve an amended status report. Plaintiff has filed an amended status report that does not include a proof of service reflecting service on counsel for defendant Sandham.

        On December 27, 2004, plaintiff was advised that failure to comply with court orders and applicable rules may result in the imposition of sanctions including, but not limited to, dismissal of this action. (Order filed Dec. 27, 2004, at 5.) Plaintiff's copy of the December 27, 2004 order was accompanied by a copy of the Local Rules of Practice. On October 26, 2005, the court noted plaintiff's failure to include a proof of service with any document he filed after defendant Sandham appeared by counsel on February 28, 2005. (Order filed Oct. 26, 2005, at 1.) The court cited the applicable rules, described the contents of a proper proof of service, and cautioned plaintiff that sanctions may be imposed for failure to include a proper proof of service

1

with any document subsequently filed in this action. (Id. at 1-2.) On November 9, 2005, plaintiff filed a document in which he stated that he had never received, either from defendant Sandham's counsel or the court, any document providing counsel's street address; despite this assertion, plaintiff's filing included a proof of service on defendant's counsel. (See Pl.'s Req. filed Nov. 9, 2005.) On November 17, 2005, the court reiterated the requirement that all documents submitted for filing must include a proper proof of service. (Order filed Nov. 17, 2005, at 1-2.) Despite these orders, plaintiff subsequently submitted an unserved status report and requested that the court serve it for him. On November 30, 2005, the court denied plaintiff's request for service by the court and expressly ordered plaintiff to file and serve an amended status report. On December 19, 2005, plaintiff filed a document that includes a proper proof of service. Eight days later he filed an amended status report without a proof of service.

Plaintiff's amended status report will be disregarded and plaintiff will be granted a final fifteen days to submit an amended status report with a proper proof of service. The court will strike every document subsequently submitted by plaintiff without a proper proof of service. If a stricken document includes a request or motion, the request or motion will be denied with prejudice and may not be resubmitted with a proper proof of service.

Plaintiff's December 19, 2005 filing is an application for reconsideration of motions and requests he filed on March 14, 2005, June 20, 2005, and October 17, 2005. Plaintiff contends that the court denied these motions due to lack of proper proof of service. Plaintiff asks the court to reconsider the motions now that he has shown he was not properly served with defendant's answer and did not have counsel's address. Plaintiff offers no proof that he served the motions on counsel after he obtained counsel's address. Moreover, the three motions were denied "without prejudice to the filing of **properly supported** motions that include proper proof of service." (Order filed Oct. 26, 2005, at 2 (emphasis added).) Plaintiff was advised that all requests for injunctive relief must comply with Local Rule 65-231. (Id.). Plaintiff's previous requests for a leave of absence from prison in order to obtain medical care and retain an attorney

did not comply with the requirements of Local Rule 65-231, and the court will not reconsider the defective motions even if plaintiff has served them on defendant's counsel.  A new motion for release must include (1) proof of service on all affected parties, not merely proof of service on the attorney representing Dr. Sandham[1]; (2) a brief on the relevant legal issues; (3) affidavits demonstrating the likelihood of irreparable injury to plaintiff if the motion is not granted; and (4) a proposed order with provision for bond.  See Local Rule 65-231(d)(1) and (2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 19, 2005 application for reconsideration is denied.

2. Plaintiff's December 27, 2005 amended status report will be disregarded.

3. Plaintiff shall file an amended status report with a proper proof of service within fifteen days from the date of this order.  Defendant Sandham's status report shall be filed and served within thirty days after plaintiff's amended status report is filed with a proper proof of service.  Plaintiff's failure to file an amended status report in accordance with this order will result in a recommendation that this action be dismissed for repeated failure to comply with court orders and applicable rules.

DATED: January 6, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:
brit0037.35final

---

[1] If plaintiff cannot show that it is within Dr. Sandham's power to release plaintiff from prison, he must serve his motion on a person who has the legal authority to release him.  The only parties in this action are plaintiff and Dr. Sandham, and defendant Sandham's counsel has not appeared on behalf of any person other than defendant Sandham.  Service of plaintiff's motion on defendant Sandham's counsel will not constitute service on any person other than defendant Sandham.  If plaintiff seeks an order directing anyone other than defendant Sandham to release him from prison, plaintiff's brief must cite points and authorities showing that this court has the authority to issue an order against a person who is not a party to this action.